IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-cr-175-WKW |
| | ) | |
| ANTHONY KEITH DAVIDSON | ) | |
| | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:             DONNIE W. BETHEL

ASSISTANT U.S. ATTORNEY:     MATTHEW W. SHEPHERD

## COUNT AND STATUTE CHARGED:

| | |
|---|---|
| Count 1 | 18 U.S.C. § 922(g)(1)<br>Felon in Possession of a Firearm |
| Count 2 | 18 U.S.C. § 924(c)(1)(A)(I)<br>Possession of a Firearm in Furtherance of a<br>Drug Trafficking Crime |

## COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

Count 2          18 U.S.C. § 924(c)(1)(A)(I)

## PENALTIES BY COUNT — MAXIMUM PENALTY:

Count 2          18 U.S.C. § 924(c)(1)(A)(i)
                 NLT 5Y NMT Life, or
                 $250,000 fine or both;
                 NMT 5Y SUP REL;
                 $100 AF;
                 VWPA.

## ELEMENTS OF THE OFFENSE:

COUNT 2:   18 U.S.C. § 924(c)(1)(A)(i)

   1.   Defendant possessed, with intent to distribute,
        controlled substances.

   2.   That during and in relation to, and in furtherance of,
        the commission of that offense the defendant possessed
        a firearm as charged.

3.    Defendant possessed the firearm knowingly.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Matthew W. Shepherd, Assistant United States Attorney and
Donnie W. Bethel, attorney for the defendant, pursuant to
Rules 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal
Procedure, as Amended, have, with the authorization of the
undersigned defendant, heretofore entered into discussions with a
view towards reaching a pretrial conclusion of the charges
pending in the Indictment herein and a Plea Agreement has been
reached by said parties.  The plea is being submitted to the
Court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A)
and 11(c)(1)(C), and the parties understand that, if the terms of
the Plea Agreement are not accepted by the Court, the defendant
will be allowed to withdraw the defendant's plea of guilty and
proceed to trial.  If the Court accepts this agreement, however,
and defendant thereafter breaches this agreement, his guilty plea
may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the
offenses charged in Counts 2 of the Indictment, the attorney for
the Government will do the following:

a.    The Government will agree that a 2-level reduction
in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a)
for the defendant's acceptance of responsibility is appropriate,

2

so long as the defendant does not obstruct justice or otherwise
fail to accept responsibility for the offense conduct.  Should
the Government find the defendant assisted authorities in the
investigation or prosecution of the defendant's own misconduct by
timely notifying authorities of the defendant's intention to
enter a plea of guilty, thereby permitting the Government to
avoid preparing for trial and permitting the Government and this
Court to allocate their resources efficiently, and if Defendant
otherwise qualifies, the Government will move at sentencing for a
further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b).
Determination of whether the defendant qualifies for the
reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion
of the United States.

b.   The United States agrees to dismiss Count 1 of the
indictment at sentencing, upon acceptance of the plea agreement.

c.   The United States agrees with the defendant to a
sentence of a term of imprisonment of 60 months for Count 2.

2. The United States reserves the right to inform the Court
and the Probation Office of all facts pertinent to the sentencing
process, including all relevant information concerning the
offense and the defendant's background.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

3

a.    To plead guilty to Count 2 of the Indictment.

b.    To forfeit all firearms in his possession.

c.    To not commit any State, local or federal
      offenses.

## FACTUAL BASIS

4. On or about October 13, 2006, in Montgomery County,
within the Middle District of Alabama, Anthony Keith Davidson,
defendant herein, knowingly used and carried a firearm, during
and in relation to, and possessed said firearm in furtherance of,
a drug trafficking crime for which he may be prosecuted in a
Court of the United States, to-wit: possession with intent to
distribute cocaine base, commonly known as "crack cocaine,",
contrary to Title 21, United States Code, Section 841(a)(1).  All
in violation of Title 18, United States Code, Section
924(c)(1)(A)(I).  The defendant further admits that on October
13, 2006, when he possessed a firearm, he also possessed cocaine
base with intent to distribute.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

5.  Understanding that 18 U.S.C. § 3742 provides for appeal
by a defendant of the sentence under certain circumstances, the
defendant expressly waives any and all rights conferred by
18 U.S.C. § 3742 to appeal the sentence.  Defendant further
expressly waives the right to appeal the sentence on any other

4

ground and waives the right to attack the sentence in any post-conviction proceeding, except on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

6.  The government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings.  Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

7.  The defendant, before entering a plea of guilty to Count 2 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a.  The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case.  Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c.  The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to

5

be paid by the defendant on the date of sentencing.  The
defendant will make an honest, good faith effort to pay said fee
as directed by the Financial Litigation Section of the United
States Attorney's Office.  The defendant further understands that
by completing the financial statement, the defendant is
representing that it is true and accurate to the best of the
defendant's information, knowledge, and belief.

         d.   The defendant understands that the defendant
has a right to be represented by an attorney at every stage of
the proceedings against the defendant herein and is represented
by the defendant's undersigned attorney.

         e.   The defendant understands that the defendant
has the right to plead not guilty and has the right to be tried
by a jury and, at a trial thereof, has the right to the
assistance of counsel, the right to confront and cross-examine
witnesses against the defendant, the right to call witnesses in
the defendant's own behalf, and the right not to be compelled to
incriminate the defendant, and that if the defendant enters a
plea of guilty herein, there will not be a further trial of any
kind and that by the entry of such a plea, the defendant waives
the right to a trial by jury or to a trial before the Court.

         f.   The defendant understands that in entering a
plea of guilty herein, the Court may ask questions about the
offense to which the plea is entered and further understands that

if the defendant answers these questions under oath, on the
record, and in the presence of counsel, which questions and
answers would be recorded, that the answers may later be used
against the defendant in a prosecution for perjury or false
statement if the answers are not truthful.

g.    The Defendant further understands and advises
the Court that the Plea Agreement as set forth herein and the
plea to be entered by the defendant as a result thereof is
voluntary on the defendant's part and is not the result of any
force or threats or of any promises apart from the aforesaid Plea
Agreement.  The defendant further advises the Court that the Plea
Agreement set forth herein is the result of prior discussions
between the attorney for the government and the attorney for the
defendant, all conducted with the defendant's authorization,
knowledge, and consent.

h.    The defendant further advises the Court that
the defendant's understanding of this Plea Agreement is as set
forth in this document.

i.    The defendant further advises the Court that
it is understood that the government can only make a
recommendation which is not binding on the Court.

j.    The defendant further advises the Court that
the defendant understands and has been advised that evidence of a
plea of guilty, later withdrawn or an offer to plead guilty to

7

the crime charged in the Indictment herein, or of statements made
in connection with and relevant to said plea or offer to plead,
shall not be admissible in any civil or criminal proceedings
against the defendant.  However, the defendant does understand
that evidence of a statement made in connection with and relevant
to a plea of guilty, later withdrawn, or an offer to plead guilty
to the crimes charged in the Indictment herein, is admissible in
a criminal proceeding for perjury or false statement when the
statement was made by the defendant under oath, on the court
record, and in the presence of counsel.

          k.   The defendant is satisfied that defense
counsel has been competent and effective in representing
defendant.

     11.   The undersigned attorneys for the government and for
the defendant represent to the court that the foregoing Plea
Agreement is the agreement of the parties that has been reached
pursuant to the Plea Agreement procedure provided for in Rule 11,
Federal Rules of Criminal Procedure, as Amended.  The attorney
for the defendant further advises the Court that the defendant
has been advised of the nature of the charge to which the
foregoing described plea is to be offered, and that the defendant
has been advised of the defendant's right to plead not guilty and
to be tried by a jury on all issues herein; of the maximum
possible penalty provided by law; that by the entering of a plea

of guilty as aforesaid, the defendant waives the right to be
tried by a jury or by the Court, waives the right to confront and
cross-examine witnesses against the defendant and the right not
to be compelled to incriminate the defendant; and that if the
defendant pleads guilty, there will not be a further trial of any
kind.  Further, the defendant has been advised that if the
defendant pleads guilty, the Court may ask questions about the
offense to which the defendant has pleaded and that if the plea
is rejected or later withdrawn, that the answers to such
questions may not be used against the defendant in a civil or
criminal proceeding, but that the defendant's answers may later
be used against the defendant in a prosecution for perjury or
false statement if the answers are not truthful.

12.  The defendant understands that the U.S. Probation
Office will prepare a presentence investigation report for the
Court.  The Probation Officer will consider the defendant's
conduct related to the offense to which the plea is offered, as
well as the defendant's criminal history.  The offense level or
criminal history category, as calculated by the Probation Officer
and determined by the court, may differ from that projected by
defendant's counsel or the U.S. Attorney.  In the event that the
Court determines the defendant's offense level or criminal
history category is higher than the defendant anticipated, the

defendant will not have the right to withdraw the plea on that
basis.

13.    The defendant understands that the United States
Sentencing Guidelines are advisory upon the Court and that the
Court must consider the factors contained in 18 U.S.C. § 3553(a).
These factors include (1) the nature and circumstances of the
offense and the history and characteristics of the defendants;
(2)the need for the sentence imposed to reflect the seriousness
of the offense, to promote respect for the law, to provide just
punishment for the offense, to afford adequate deterrence to
criminal conduct, to protect the public from further crimes of
the defendant, and to provide the defendant with needed
educational or vocational training, medical care, or other
correctional treatment; (3) the kinds of sentences available;
(4)the applicable category of offense committed by the applicable
category of defendant as set forth in the guidelines; (5) any
pertinent policy statement; (6) the need to avoid unwarranted
sentence disparities among defendants with similar records who
have been found guilty of similar conduct; and (7) the need to
provide restitution to any victims of the offense.

This _24th_ day of _April_, 2008.


Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


Louis V. Franklin, Sr.
Criminal Chief


Matthew W. Shepherd
Assistant United States Attorney
131 Clayton St.
Montgomery, Alabama 36104

11

I have read the foregoing Plea Agreement, including the Cooperation Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, DONNIE W. BETHEL.

**ANTHONY KEITH DAVIDSON**
**DEFENDANT**

Date

**DONNIE W. BETHEL**
Attorney for the Defendant

Date

12